[No. 24287.   Department Two.   March 6, 1933.]

ANTON GRGURINOVICH *et al., Respondents,* v. E. C. PECK & COMPANY, *Appellant.*[1]

*William L. Hyndman,* for appellant.

BLAKE, J.—The plaintiffs brought this action to recover $785.43, which they claimed to be the balance due under a contract to clear land. From a judgment for $341.56 in plaintiff's favor, defendant appeals.

The sole question in dispute is as to the price per acre respondents were to receive. The appellant had

[1]Reported in 19 P. (2d) 923.

a contract with the state of Washington for clearing the right of way on state highway No. 9 between Montesano and Aberdeen. On November 5, 1931, appellant entered into a contract with respondents to clear the right of way from station No. 398 to station No. 418. The respondents claim that the agreed price was $300 per acre. The appellant, in its answer, alleged that the contract price was $100 per acre, and tendered $46.44, being the balance due on the contract at that price.

The trial court found that the contract, as entered into, provided for $100 per acre, but that, shortly after respondents started to work, an agreement was entered into whereby respondents were to receive "fair and reasonable compensation," and it entered judgment on that theory.

We find nothing in the record that warrants such finding. It is contrary to the contentions of both respondents and appellant. Respondents' complaint was predicated on a contract at $300 per acre, and their evidence tended to support the complaint. On the other hand, appellant's defense was based on a contract at $100 per acre, and evidence offered by it tended to support its position. We are, therefore, confronted with the problem of determining what was the agreed price per acre.

The determination of the question does not require an extended review of the evidence. There are certain undisputed facts and some disinterested testimony that make it conclusively appear to us that the agreed price was $100 per acre. In the first place, $300 per acre was much in excess of the price appellant was to receive under its contract with the state. Then, it was understood that respondents were to be paid on estimates of the state engineer as to the amount of land cleared. On December 5 and 22, respectively, they were

paid on such estimates at the rate of $100 per acre. They accepted the payments without protest either as to the estimates or the amounts due. Finally, one Batinovich, a friend of respondents, through whose intercession respondents obtained the contract, testified that, two weeks after they commenced work, Grgurinovich told him they were getting $100 per acre.

The judgment is reversed, and the cause remanded with directions to enter judgment in favor of respondents in the sum of $46.44, being the amount tendered by appellant.

BEALS, C. J., MAIN, TOLMAN, and STEINERT, JJ., concur.